IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-01395-WYD-CBS

NIKOLA BARZAKOV,

    Petitioner,

v.

JOHN LONGSHORE, Field Office Director, United States Immigration and Customs Enforcement, and any other person having said Petitioner in custody,

    Respondent(s).

## ORDER

THIS MATTER is before the Court on the "Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and § 2243 and Motion for Order to Show Cause (<u>Emergency</u> Stay of Removal)" [doc. #1], filed June 16, 2009.  In this filing, Petitioner "requests that the Court issue an Order to Show Cause requiring the Respondents to Show Cause why they should not be restrained from removing the Petitioner from the jurisdiction of this Court pending determination of this proceeding and in order for USCIS to adjudicate his I-485, to be released on Bond pending the adjudication, and any and all other relief the Court deems proper."  (Pet. 4.)  Petitioner is in fact requesting a stay of his imminent removal.  I find that this Court does not have jurisdiction to grant Petitioner the requested relief, which I will accordingly deny.

By way of background, on September 4, 2002, an Immigration Judge denied Petitioner's applications for asylum and relief under the U.N. Convention Against

Torture, and the Board of Immigration Appeals dismissed his appeal on March 18, 2004. (Pet. Ex. 2 at 5-6.) Immigration and Customs Enforcement arrested Petitioner on May 8, 2009 and has been holding him in custody in the GEO detention facility in Aurora, Colorado. (Pet. 2.) Petitioner is to be removed from Denver to Bulgaria today, June 16, 2009, at 2:00 p.m. (Pet. 1.) On June 15, 2009, the Tenth Circuit denied his request for a stay of removal, which he had filed as a "Verified Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, 2243." *Barzakov v. Holder*, No. 09-9530 (10th Cir. Jun. 15, 2009). The BIA also denied a request from Petitioner to stay his removal on June 15, 2009. (Pet. Ex. 3.)

Petitioner's presently requested relief is nearly identical to what he requested in his "Verified Petition for a Writ of Habeas Corpus" that he submitted to the Tenth Circuit on June 12, 2009. (*See* Pet. Ex. 2 at 10.) Petitioner has not in fact submitted any challenge to the unreasonableness of his detention. Rather, everything in Petitioner's submission pertains to a stay of his removal. The Tenth Circuit emphasized this distinction in its order denying the stay when it stated, "[T]o the extent [Petitioner] seeks habeas relief, his petition should be filed in the district court. To the extent [Petitioner] contests only the propriety of his removal, however, and not his detention, we must consider whether he satisfies the standard for a stay pending appeal." *Barzakov*, No. 09-9530, slip op. at 1 (citation omitted).

The REAL ID Act has foreclosed this Court's jurisdiction to hear the present matter:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).  Subsection (a)(5) of this provision exclusively vests review of removal orders in the appropriate court of appeals.  8 U.S.C. § 1252(a)(5).  The Supreme Court has held that challenges to detention can be brought as habeas petitions under 28 U.S.C. § 2241, where they do not seek review of the Attorney General's exercise of discretion.  *Demore v. Kim*, 538 U.S. 510, 516-17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  That, however, is presently not the case, as Petitioner is in fact challenging the Attorney General's discretionary authority to remove him and to execute his removal.  Accordingly, this Court does not have jurisdiction to entertain the request.

To the extent that Petitioner is in fact challenging his detention, he has provided no basis for such a challenge, and upon his imminent deportation, he will no longer be detained.  Accordingly, I will order the parties to file a joint status report indicating whether any issues remain for the Court to decide.  In conclusion, it is hereby

ORDERED that the "Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and § 2243 and Motion for Order to Show Cause (<u>Emergency</u> Stay of Removal)" [doc. #1], filed June 16, 2009, is **DENIED**.  It is

FURTHER ORDERED that the parties shall file a joint status report not later than **Tuesday, June 23, 2009**, indicating whether there remain any issues to be decided by the Court.

Dated:  June 16, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge